```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  ELLEN V. ENDRIZZI                        FILED
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California 95814             APR 1 1 2008
 4  Telephone: (916) 554-2716
                                      CLERK, U.S. DISTRICT COURT
 5                                    EASTERN DISTRICT OF CALIFORNIA
                                      BY _____
 6                                           DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:06-cr-00424 ~~DLJ~~ EJG |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| MICHAEL LEE BRAUN, | DATE: ~~March~~ Apr 11, 2008 |
| | TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. ~~D. Lowell Jensen~~ |
| | EDWARD J. GARCIA |

## I.

### INTRODUCTION

**A. Scope of Agreement:** The 10-count indictment in this case charges the defendant, MICHAEL LEE BRAUN, with: one violation of 18 U.S.C. § 871(a) - Threat Against the President (Count One); one violation of 18 U.S.C. § 876(c) - Threatening Communication (Count Ten); and eight violations of 18 U.S.C. § 1038(a) - False Information and Hoaxes (Counts Two through Nine). The defendant will plead guilty to Counts One, Two, Three, and Ten. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States

1

1  Attorney's Office for the Eastern District of California and
2  cannot bind any other federal, state, or local prosecuting,
3  administrative, or regulatory authorities.
4      B. **Court Not a Party:** The Court is not a party to this
5  Plea Agreement. Sentencing is a matter solely within the
6  discretion of the Court, the Court is under no obligation to
7  accept any recommendations made by the government, and the Court
8  may in its discretion impose any sentence it deems appropriate up
9  to and including the statutory maximum stated in this Plea
10 Agreement. If the Court should impose any sentence up to the
11 maximum established by the statute, the defendant cannot, for
12 that reason alone, withdraw his guilty plea, and he will remain
13 bound to fulfill all of the obligations under this Plea
14 Agreement. The defendant understands that neither the
15 prosecutor, defense counsel, nor the Court can make a binding
16 prediction or promise regarding the sentence he will receive.
17                            II.
18                   **DEFENDANT'S OBLIGATIONS**
19     A. **Guilty Pleas:** The defendant will plead guilty to Count
20 One, which alleges a violation of 18 U.S.C. § 871(a); Counts Two
21 and Three, which allege violations of 18 U.S.C. § 1038(a); and
22 Count Ten, which alleges a violation of 18 U.S.C. § 876(c). The
23 defendant agrees that he is in fact guilty of these charges and
24 that the facts set forth in the Factual Basis attached hereto as
25 Exhibit A are accurate.
26     B. **Restitution:** The Mandatory Victim Restitution Act
27 requires the Court to order restitution to the victims of certain
28 offenses. As well, in this case, 18 U.S.C. § 1038(c)(1) requires

1  the Court to order reimbursement to state, local, and non-profit
2  agencies that have expended resources to respond to the
3  defendant's hoax anthrax letters. For purposes of enforcement,
4  this reimbursement is to be treated as a civil judgment. See 18
5  U.S.C. § 1038(c)(3). The defendant agrees to pay full
6  restitution and reimbursement to victims in the amounts to be
7  determined by the probation officer. Payment should be by
8  cashier's or certified check made payable to the Clerk of the
9  Court. Defendant further agrees that he will not seek to
10 discharge any restitution obligation or any part of such
11 obligation in any bankruptcy proceeding.
12      C.  **Fine:** There is no agreement between the parties as to
13 the imposition or amount of any fine, if any.
14      D.  **Special Assessment:** The defendant agrees to pay a
15 special assessment of $400 at the time of sentencing by
16 delivering a check or money order payable to the United States
17 District Court to the United States Probation Office immediately
18 before the sentencing hearing. The defendant understands that
19 this Plea Agreement is voidable by the government if he fails to
20 pay the assessment prior to that hearing. If the defendant is
21 unable to pay the special assessment at the time of sentencing,
22 he agrees to earn the money to pay the assessment, if necessary
23 by participating in the Inmate Financial Responsibility Program.
24                              III.
25                  **THE GOVERNMENT'S OBLIGATIONS**
26      A.  **Dismissals:** The government agrees to move, at the time
27 of sentencing, to dismiss without prejudice the remaining counts
28 in the pending indictment. The government also agrees not to

3

reinstate any dismissed count except as provided in Part VII.B of this Plea Agreement.

B. **Recommendations:**

1. **Acceptance of Responsibility:** If the United States Probation Office determines that a three-level reduction in the defendant's offense level for his full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under § 3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

## IV.

## ELEMENTS OF THE OFFENSE

A. **Elements of the Offenses:** At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty:

<u>18 U.S.C. § 871(a) - Threat Against the President</u>

1. The defendant knowingly and willfully threatened, in writing, to kill the President of the United States; and

2. under the circumstances in which the threat was made, a reasonable person would foresee that it would be understood by persons reading it as a serious expression of an intention to kill the President of the United States.

1        18 U.S.C. § 876(c) - Mailing Threatening Communications
2        1.   The defendant knowingly deposited in any post office or
3   authorized depository for mail matter, or caused to be delivered
4   by the Postal Service;
5        2.   a communication addressed to another person; and
6        3.   the communication contained a threat to injure the
7   person of the addressee or of another.
8        18 U.S.C. § 1038(a)(1)(A) - False Information and Hoaxes
9        1.   The defendant knowingly engaged in conduct;
10       2.   with the intent to convey false or misleading
11  information;
12       3.   the circumstances were such that the information may
13  have been reasonably believed; and
14       4.   the information conveyed indicated that an activity
15  that would constitute a violation of Chapter 10 of Title 18 of
16  the United States Code has taken, is taking, or will take place.

## V.

## MAXIMUM SENTENCE

A. **Maximum Penalty:** The maximum sentence that the Court can impose for each count to which the defendant is pleading is: a 5-year term of incarceration, a $250,000 fine, a 3-year period of supervised release, and a $100 special assessment. By signing this Plea Agreement, the defendant also agrees that the Court can order the payment of restitution and reimbursement for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution and reimbursement orders are not restricted to the amounts alleged in the specific counts to which the defendant is pleading guilty. The defendant further agrees

1  that he will not attempt to discharge in any present or future
2  bankruptcy proceeding any restitution imposed by the Court.
3      **B. Violations of Supervised Release:** The defendant
4  understands that if he violates a condition of supervised release
5  at any time during the term of supervised release, the Court may
6  revoke the term of supervised release and require the defendant
7  to serve up to 2 additional years' imprisonment.

## VI.

### SENTENCING DETERMINATION

10     **A. Statutory Authority:** The defendant understands that the
11 Court must consult the Federal Sentencing Guidelines (as
12 promulgated by the Sentencing Commission pursuant to the
13 Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28
14 U.S.C. §§ 991-998, and as modified by United States v. Booker,
15 543 U.S. 220 (2005)) and must take them into account when
16 determining a final sentence. The defendant understands that the
17 Court will determine a non-binding and advisory Guideline
18 sentencing range for this case pursuant to the Sentencing
19 Guidelines. The defendant further understands that the Court
20 will consider whether there is a basis for departure from the
21 Guideline sentencing range (either above or below the Guideline
22 sentencing range) because there exists an aggravating or
23 mitigating circumstance of a kind, or to a degree, not adequately
24 taken into consideration by the Sentencing Commission in
25 formulating the Guidelines. The defendant further understands
26 that the Court, after consultation and consideration of the
27 Sentencing Guidelines, must impose a sentence that is reasonable
28 in light of the factors set forth in 18 U.S.C. § 3553(a).

# VII.

## WAIVERS

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the Sentencing Guidelines range determined by the Court and consistent with the stipulations set forth herein regarding the Sentencing Guidelines variables. He specifically gives up his right to appeal any order of restitution the Court may impose.

Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

Notwithstanding the agreement in paragraph III.B.1, above, that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea,

1  dismiss the underlying charges, or reduce or set aside his
2  sentence on any of the counts to which he is pleading guilty, the
3  government shall have the right:  (1) to prosecute the defendant
4  on any of the counts to which he pled guilty; (2) to reinstate
5  any counts that may be dismissed pursuant to this Plea Agreement;
6  and (3) to file any new charges that would otherwise be barred by
7  this Plea Agreement.  The decision to pursue any or all of these
8  options is solely in the discretion of the United States
9  Attorney's Office.  By signing this Plea Agreement, the defendant
10 agrees to waive any objections, motions, and defenses he might
11 have to the government's decision.  In particular, he agrees not
12 to raise any objections based on the passage of time with respect
13 to such counts including, but not limited to, any statutes of
14 limitation or any objections based on the Speedy Trial Act or the
15 Speedy Trial Clause of the Sixth Amendment.
16      C.  **Waiver of Attorneys' Fees and Costs**:  The defendant
17 agrees to waive all rights under the "Hyde Amendment," Section
18 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or
19 other litigation expenses in connection with the investigation
20 and prosecution of all charges in the above-captioned matter and
21 of any related allegations (including without limitation any
22 charges to be dismissed pursuant to this Plea Agreement and any
23 charges previously dismissed).

                              **VIII.**

                      **ENTIRE PLEA AGREEMENT**

26      Other than this Plea Agreement, no agreement, understanding,
27 promise, or condition between the government and the defendant
28 exists, nor will such agreement, understanding, promise, or

                                 8

1 condition exist unless it is committed to writing and signed by
2 the defendant, counsel for the defendant, and counsel for the
3 United States.

### IX.

### APPROVALS AND SIGNATURES

6  **A. Defense Counsel:** I have read this Plea Agreement and
have discussed it fully with my client. The Plea Agreement
accurately and completely sets forth the entirety of the
agreement. I concur in my client's decision to plead guilty as
set forth in this Plea Agreement.

DATED: 3/17/08                        _____
                                       PHILLIP COZENS, ESQ.
                                       Attorney for Defendant

**B. Defendant:** I have read this Plea Agreement and
carefully reviewed every part of it with my attorney. I
understand it, and I voluntarily agree to it. Further, I have
consulted with my attorney and fully understand my rights with
respect to the provisions of the Sentencing Guidelines that may
apply to my case. No other promises or inducements have been
made to me, other than those contained in this Plea Agreement.
In addition, no one has threatened or forced me in any way to
enter into this Plea Agreement. Finally, I am satisfied with the
representation of my attorney in this case.

DATED: March 17, 2008                 _____
                                       MICHAEL LEE BRAUN
                                       Defendant

**C. Attorney for United States:** I accept and agree to this
///

1  Plea Agreement on behalf of the government.
2
3  DATED: *17 Mar 2008*            McGREGOR W. SCOTT
                                   United States Attorney
4
5                            By:   *Ellen Endrizzi*
                                   ELLEN V. ENDRIZZI
6                                  Assistant U.S. Attorney

**EXHIBIT "A"**
**Factual Basis for Plea**

The following events all occurred in Sacramento County, in the State and Eastern District of California.

With respect to Count One, on March 7, 2006, Defendant Michael Lee Braun ("the defendant") did knowingly and willfully make a threat to take the life of and inflict bodily harm upon the President of the United States. The letter, addressed to "PRES GEORGE W BUSH", sent from this District to the White House, contained a white powder and a note that read, "poison; fuck our grandkids; $8.3 trillion debt; draft dodgers bush cheney; [swastika symbol]; KKK." The defendant intended that the recipient believe that the white powder was anthrax or another biological toxin.

With respect to Count Two, on September 28, 2006, the defendant knowingly placed in a United States Post Office mailbox an envelope addressed to "Serrano country club + golf". This envelope contained a white powder and the defendant intended that the recipient believe that the powder was anthrax or another biological toxin or agent to be used as a weapon. Also in the envelope was a letter that read, "fuck our grandkids; $9 trillion republican debt; tax cuts for millionaire; trillions wasted on iraq katrina; bridges to nowhere; draft dodger cheney; bush wolfiwich [sic] gay daugdter [sic]; doolittle, you die; [a bastardized swastika]; poison." The defendant knowingly engaged in this conduct with the intent to convey false and misleading information, under circumstances where such information might reasonably be believed, and where such information indicated that

11

1  the powder contained a biological toxin used as a weapon.
2  With respect to Count Three, on September 28, 2006, the defendant
3  knowingly placed in a United States Post Office mailbox an
4  envelope addressed to "Serrano visitors center". This envelope
5  contained a white powder and the defendant intended that the
6  recipient believe that the powder was anthrax or another
7  biological toxin or agent to be used as a weapon. Also in the
8  envelope was a letter that read, "fuck our grandkids; $9 trillion
9  republican debt; tax cuts for millionaire; trillions wasted on
10 iraq katrina; bridges to nowhere; draft dodger cheney; bush
11 wolfiwich [sic] gay daugdter [sic]; doolittle, you die; [a
12 bastardized swastika]; poison." The defendant knowingly engaged
13 in this conduct with the intent to convey false and misleading
14 information, under circumstances where such information might
15 reasonably be believed, and where such information indicated that
16 the powder contained a biological toxin used as a weapon.
17 Finally, with respect to Count 10, on June 6, 2006, the defendant
18 mailed a letter, intended to and threatening to injure the person
19 of identified victims, to KFBK Radio in Sacramento. This
20 envelope contained a white powder and the defendant intended that
21 the recipient believe that the powder was anthrax or another
22 biological toxin or agent to be used as a weapon. Also in the
23 envelope was a letter that read, "fuck our grandkids; $9 trillion
24 republican debt; draft dodger cheney; prostitute [victim's name];
25 kill [victim's surname] family 9-11-06; trillions for bridges to
26 nowhere; no win iraq - signed iraq army vets; stupid [victim's
27 name] - mouthpiece for worst president ever; opinion kingdom
28 afganistan [sic]; [a bastardized swastika]; kkk; death powder."