Philip Cozens SBN# 854051
LAW OFFICE OF PHILIP COZENS
1007 Seventh Street, Suite 500
Sacramento, CA 95814

Telephone: (916) 443-1504
Fax: (916) 443-1511

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL LEE BRAUN,<br><br>  Defendant | Case No.: 2:06-CR-0424 EJC<br><br>APPLICATION TO PRESENT LIVE TESTIMONY AT SENTENCING HEARING AND DECLARATION OF PHILIP COZENS IN SUPPORT OF SUCH APPLICATION |

**INTRODUCTION**

Defendant seeks an order from the court to present live testimony from Defendant and from Dr. Alfred French, M.D., a forensic psychiatrist at the sentencing hearing in the above entitled matter. Defense counsel estimates that such testimony with cross examination would last an hour to an hour and one-half.

If the court is unavailable to hear such testimony at the regularly scheduled calendar date, Defendant asks the court to specially set this matter for hearing and sentencing on a date convenient to the court and to the parties.

APPLICATION TO PRESENT LIVE TESTIMONY - BRAUN - 1

**DECLARATION OF PHILIP COZENS**

I, Philip Cozens, have personal knowledge of the matters set forth in this Declaration in Support of Application to Present Live Testimony at Sentencing Hearing, and if called to testify, could and would truly testify as follows:

1) I am an attorney duly authorized to practice law in the state of California, a member of the State Bar of the State of California and the Eastern District of California. I am the attorney of record for Defendant Michael Lee Braun in the above-entitled action.

2) I have read the probation report. I provided the information from Dr. Alfred French, M.D. to the probation officer. Such information was included in the probation report. While Dr. French's report is included in the probation report, I believe that the probation officer did not find the information to be the basis for a downward departure from the United States Sentencing Guideline calculations. Defendant and I disagree with the probation officer's conclusion and urge that it should be the basis for a downward departure in this case.

3) As an offer of proof, Dr. French would testify as to his expertise as a psychiatrist and in the evaluation of prisoners in the California state penal system. He would further testify that Defendant, at the time of the letter writing offenses, suffered from severe untreated depression and alcoholism. Dr. French would further testify that since his release from custody, Defendant has treated with Dr. Michael Pena, M.D., a psychiatrist, at the direction of the pre-trial services officer Steve Sheehan. Dr. French would further testify that Defendant has taken his prescribed medicines which have greatly ameliorated his depression. Dr. French would further testify that Defendant has been alcohol free since his release from custody. Dr. French would further testify that Defendant placed a great deal of energy and perceived psychic well-being in his recovery. Dr. French would further testify that because of his treatment and adherence to the medical and psychiatric treatment regimen, Defendant is not a danger to re-offend, but on the other hand if he were incarcerated, such incarceration would be very severely damaging to Defendant's recovery and to his psychological well-being.

4) As an offer of proof, Defendant would testify that Defendant suffered from intense and severe depression. He will describe that depression as "blinding" and "worse than hell".

Defendant would testify that he did not understand the depression and mental anguish that he suffered from during his late teen and adult lifetime. Defendant would further testify that depression generally strikes young adults in their twenties. Defendant first recognized it when he was twenty-two. Defendant would further testify that he suffered depression without treatment until he was fifty-one and that treatment started when he consulted with the psychiatrist in the Sacramento County Jail after this arrest. Defendant would further testify that depression ruined his life and that it cost him the meaningful relationships in his life. Defendant would further testify that he wrote the letters in depression-induced alcoholic rages. (The court will note that many of the letters to different recipients were written on the same dates.) Defendant will further testify as to his medical treatment, the effect of the medical treatment on his personality and depression, and his desire to remain in treatment. Defendant will further testify that he believes that he is not a danger to re-offend. Defendant will further testify that he is seeking a downward departure and placement on probation with a commitment less than one year in a county jail.

    I declare under penalty of perjury pursuant to the laws of the state of California, that the foregoing is true and correct.

    Executed this 12th day of June, 2008, in Sacramento, Sacramento County, California.

_____
Philip Cozens