McGREGOR W. SCOTT
United States Attorney
ELLEN V. ENDRIZZI
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2716

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 2:06-cr-424 EJG |
| Plaintiff, ) | **UNITED STATES' OPPOSITION TO DEFENDANT'S APPLICATION TO PRESENT LIVE TESTIMONY AT SENTENCING HEARING** |
| v. ) | |
| MICHAEL LEE BRAUN, ) | Date: June 20, 2008 |
| Defendant. ) | Time: 10:00 a.m. |
| ) | Honorable Edward J. Garcia |

Defendant Braun asks this Court for permission to present approximately 90 minutes of live testimony from himself and Alfred French, M.D. For the reasons set forth below, the United States 1) acknowledges the Defendant's right to make a statement to the Court, but opposes an examination of the defendant by his counsel, and 2) opposes the testimony of Dr. French as cumulative and unnecessary.

Under Rule 32(*i*)(4)(A)(ii) of the Federal Rules of Criminal Procedure, the Court "must address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." The United States would never attempt to prohibit Defendant Braun from speaking at sentencing, but it does oppose defense counsel's request to examine his client on the

1

witness stand. Defendant may prepare his remarks and defense counsel may submit a sentencing memorandum and argue his position before the Court, but there is no reason for defense counsel to guide his client through an examination in order to make his point. Such theater is unnecessary and a waste of judicial time and resources.

As well, the choreographed examination of Alfred French, M.D. is unnecessary and cumulative. Defendant did not object to any statements of material fact or sentencing classifications in the Presentence Report (PSR). Dr. French's report was attached to the PSR and no supplemental reports have been filed since it was written on January 26, 2008. The report is quite emotional and implores the Court to be lenient in its imposition of sentence. The doctor has made his statements and defense counsel has not identified law or good cause to demonstrate that oral testimony is required or necessary. Dr. French may contribute to the drafting of a sentencing memorandum so that his views of and sympathy for the defendant are emphasized, but live testimony would be cumulative.

In sum, the United States respectfully requests that the Court issue a minute order: 1) denying the defendant's application for live testimony, noting that the defendant may make a statement if he chooses, but counsel may not examine the defendant, and 2) prohibiting any oral statement or testimony from Alfred French, M.D.

Dated: June 12, 2008

          Respectfully submitted,

          McGREGOR W. SCOTT
          United States Attorney

       By: /s/ Ellen V. Endrizzi

          ELLEN V. ENDRIZZI
          Assistant U.S. Attorney